1  KAREN P. HEWITT
   United States Attorney
2  SHIREEN M. BECKER
   Assistant United States Attorney
3  California State Bar No. 237930
   880 Front Street, Room 6293
4  San Diego, California  92101-8893
   Telephone: (619) 557-5610
5
   Attorneys for Plaintiff
6  United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Case No.   08 MJ 2347 |
| Plaintiff, | ) ) | Date:  August 14, 2008 |
| | ) | Time:  2:00 p.m. |
| v. | ) | |
| **GARY TAYLOR BLACKWOOD,** | ) ) | **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S** |
| Defendant | ) ) | **MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CRIMINAL** |
| | ) | **PROCEDURE 5** |
| | ) | |

COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Shireen M. Becker, Assistant United States Attorney, and hereby files its response and opposition to Defendant's motion to dismiss pursuant to Federal Rule of Criminal Procedure 5.

**I.**

**INTRODUCTION**

Defendant Gary Taylor Blackwood ("Defendant") has moved this Court to dismiss the indictment against him based on an alleged violation of Federal Rule of Criminal Procedure 5. The indictment was issued by a grand jury from another district, and all subsequent criminal proceedings against Defendant will take place in the district where the crime was allegedly committed. Because this Court's role in the criminal proceedings is limited to determining whether Defendant is the same individual named in the out-of-district indictment, this Court should decline to exercise jurisdiction over Defendant's motion to dismiss. Instead, any such motion is properly raised before the district court where the charges against Defendant are currently pending, rather than before this Court. If

this Court reaches the merits of Defendant's motion, the motion should be denied, because the proper remedy for a Rule 5 violation is suppression of statements by the Defendant, rather than dismissal of the indictment.

## II.

## STATEMENT OF FACTS

On July 18, 2008, Defendant applied for admission to the United States through the Calexico Port of Entry. A records check conducted at the port indicated that Defendant had previously been deported, and that he had not received permission to return to the United States. Based on Defendant's immigration violation, he was placed in immigration custody and removal proceedings were initiated. While in immigration custody, a records check revealed an outstanding warrant from the Western District of Washington for unlawful possession of a firearm. Due to the outstanding criminal warrant, Defendant was arrested and transferred to criminal custody on the evening of July 24, 2008.

Defendant should have been arraigned before Magistrate Judge Peter Lewis in El Centro, California soon after his transfer to criminal custody. However, all cases emanating from Imperial County were transferred to San Diego during the week of July 26, 2008 due to the Ninth Circuit Judicial Conference. Unfortunately, due to an inadvertent administrative error, Defendant was not transported to the Metropolitan Correctional Center for arraignment until July 30, 2008. As a result of the administrative error, Defendant was in criminal custody for a total of 7 days prior to his initial appearance before this Court on August 1, 2008.

## III.

## ARGUMENT

**A.     This Court Lacks Jurisdiction to Consider Defendant's Motion to Dismiss**

When a defendant's initial appearance occurs in a district other than where the offense was allegedly committed, the court before whom the defendant appears maintains only a narrow scope of jurisdiction over the pending criminal charges. See Fed. R. Cr. P. 5(c)(3) (setting forth limited duties of magistrate judge prior to transfer of defendant to the district where the offense was allegedly committed). In sum, the court of initial appearance is tasked only with determining

whether the person in custody is the same person named in the charging document before transferring the defendant to the district where criminal charges are pending against him. Id. at 5(c)(3)(D) (magistrate judge "must" transfer defendant to district where offense was allegedly committed if defendant is the same person charged in the other district). Such limited jurisdiction is appropriate, especially where the role of this court is confined to identifying the defendant as the person charged with a crime. See United States v. Vega, 438 F.3d 801, 803-04 (7th Cir. 2006) (noting that substantive motions in out-of-district cases should be heard by a court in the district where the crime was allegedly committed).

In this case, Defendant was arrested based on an outstanding warrant from the Western District of Washington for unlawful possession of a firearm. The only connection to this Court is that the Defendant happened to be arrested in the Southern District of California. He will not be charged, indicted, tried or sentenced in this jurisdiction. Rather, an indictment has previously been returned against Defendant from the Western District of Washington, and all future proceedings will occur in that district. Indeed, Defendant now admits his identity and has stipulated to a warrant of removal to Washington, making such transfer inevitable. Based on Defendant's admission regarding identity and the Government's presentation of a copy of the warrant and indictment, this Court "must" transfer Defendant to the district where the offense was allegedly committed pursuant to the plain language of Rule 5. That district is the proper jurisdiction in which to raise any substantive motions, including a motion to dismiss pursuant to Rule 5. See Vega, 438 F.3d at 803-04 (transferring substantive motions brought by out-of-district defendant to court where charges were pending, regardless of the fact that initial appearance took place in Chicago); see also United States v. Savchenko, 201 F.R.D. 503, 507 n.8 (S.D. Cal. 2001) (citing United States v. Miller, 293 F.2d 697, 698 (2d. Cir. 1961)) (noting proper time to raise a Rule 5 motion is when the government offers into evidence the fruits of an illegal detention, rather than the initial appearance or identity/removal hearing).

**B.    A Dismissal of the Indictment is not the Proper Remedy for an Alleged Rule 5 Violation**

If this Court is inclined to consider Defendant's motion to dismiss despite lack of proper

1  jurisdiction, Defendant's motion should be denied.  The Ninth Circuit repeatedly has held that
2  dismissal is not the proper remedy for an alleged Rule 5 violation.  Instead, the overarching purpose
3  of Rule 5 is to ensure that a defendant is not coerced into making a confession or any inculpatory
4  statements while in criminal custody.  <u>Mallory v. United States</u>, 354 U.S. 449, 452-53 (1957).  Thus,
5  if a Rule 5 violation occurs, the proper remedy is to suppress any statements made by the Defendant
6  during the period of improper detention.  <u>Bayless v. United States</u>, 381 F.2d 67, 70-71 (9th Cir.
7  1967).  In fact, in <u>United States v. Mejia</u>, 39 Fed. Appx. 568 (9th Cir. 2002), the Ninth Circuit
8  affirmed the denial of a motion to dismiss based on nearly identical facts.  Like Defendant, the
9  defendant in <u>Mejia</u> argued that the charge against him should be dismissed because of a thirteen day
10 delay between his arrest and initial appearance before a Magistrate Judge.  <u>Id.</u> at 569.  The District
11 Court, Honorable Irma E. Gonzalez presiding, denied the defendant's motion to dismiss the
12 indictment.  <u>Id.</u>  Thereafter, the Ninth Circuit affirmed, holding that the proper remedy for any Rule
13 5 violation was suppression of statements, rather than dismissal of the indictment.  <u>Id.</u> at 569-70.
14 This court should follow <u>Mejia</u>, and decline to dismiss the indictment in this case.

15       Defendant's reliance on <u>United States v. Osunde</u>, 638 F. Supp. 171, 176 (N.D. Cal. 1986), is
16 misplaced.  The reach of <u>Osunde</u> is severely limited based on the "grossly unnecessary delay" of 106
17 days in that case, and is rarely followed by courts in this Circuit.  <u>See</u> <u>Savchenko</u>, 201 F.R.D. 507-08
18 (criticizing <u>Osunde</u> and finding suppression of statements, rather than dismissal of the indictment, to
19 be proper remedy for Rule 5 violation).  In fact, the <u>Osunde</u> court acknowledged the paucity of case
20 law in the Ninth Circuit supporting dismissal of an indictment based on a Rule 5 violation.  638
21 F. Supp. at 176-77.  Thus, <u>Osunde</u> is the rare exception, rather than the rule.  Courts in this Circuit
22 consistently have denied motions to dismiss indictments for Rule 5 violations where the delay –
23 even if lengthy – was inadvertent.  <u>See, e.g.</u>, <u>Savchenko</u>, 201 F.R.D. at 508-09 (denying motion to
24 dismiss for 16 day delay between arrest and initial appearance before magistrate judge); <u>Bayless</u> v.
25 <u>United States</u>, 381 F.2d 67, 70-71 (9th Cir. 1967) (motion to dismiss denied after four month delay
26 between arrest and presentation before judicial officer).  Because the delay in this case was not only
27 slight, but also inadvertent, this Court should deny Defendant's motion to dismiss the indictment
28 pursuant to Rule 5.

## III.

## CONCLUSION

For the reasons stated above, this Court should decline to rule on Defendant's motion to dismiss and instead reserve such issue for the district court in the Western District of Washington, where the crime allegedly occurred. In the alternative, this Court should deny Defendant's motion to dismiss the indictment pursuant to Rule 5. Suppression of any inculpatory statements, rather than dismissal, is the proper remedy.

DATED:   August 13, 2008.

    Respectfully submitted,

    KAREN P. HEWITT
    United States Attorney

    /s/ *Shireen M. Becker*

    SHIREEN M. BECKER
    Assistant United States Attorney

1 | KAREN P. HEWITT
United States Attorney
2 | SHIREEN M. BECKER
Assistant United States Attorney
3 | California State Bar No. 237930
880 Front Street, Room 6293
4 | San Diego, California 92101-8893
Telephone: (619) 557-5610
5
Attorneys for Plaintiff
6 | United States of America

7
UNITED STATES DISTRICT COURT
8
SOUTHERN DISTRICT OF CALIFORNIA
9

| | | |
|---|---|---|
| 10 | UNITED STATES OF AMERICA, ) | Case No.   08 MJ 2347 |
| 11 | Plaintiff, ) | Date:  August 14, 2008
Time:  2:00 p.m. |
| 12 | v. ) | DECLARATION OF RANDOLPH MULKEY IN SUPPORT OF UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 5 |
| 13 | ) | |
| 14 | GARY TAYLOR BLACKWOOD, ) | |
| 15 | Defendant ) | |
| 16 | ) | |

17    I, RANDOLPH MULKEY, declare:

18    1.    I am a senior deportation officer with Immigration and Customs Enforcement
19 ("ICE"). My knowledge of the following facts is based upon the investigation conducted by ICE
20 agents, contact with Defendant Gary Taylor Blackwood, communications with the case agent from
21 the Western District of Washington, communications with the U.S. Marshals Service, and my
22 review of the Defendant's alien file.

23    2.    On July 18, 2008, Defendant applied for admission to the United States through the
24 Calexico Port of Entry.

25    3.    A records check conducted at the port indicated that Defendant had previously been
26 deported, and that he had not received permission to return to the United States.

27    4.    Based on Defendant's immigration violation, he was placed in immigration custody
28 and removal proceedings were initiated.

1 | 5. While in immigration custody, a records check revealed an outstanding warrant from
2 | the Western District of Washington for unlawful possession of a firearm.
3 | 6. Due to the outstanding criminal warrant, Defendant was arrested and transferred to
4 | criminal custody on the evening of July 24, 2008.
5 | 7. Defendant was transported to the Metropolitan Correctional Center on July 30, 2008.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: 8-13-08

RANDOLPH MULKEY, Deportation Officer
Immigration and Customs Enforcement